# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 391 | **DATE** | 1/22/2002 |
| **CASE TITLE** | Tommie A. Bivens vs. James P. Houk, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's application to proceed without prepayment of the filing fee is granted. Accordingly, Bivens is assessed an initial partial filing fee of $21.82 and the County Jail trust fund officer is directed to forward it directly to the Clerk of Court. Monthly payments are to be forwarded until the full $150 filing fee has been paid. If no appropriate amendment to the Complaint has been filed in this Court's chambers on or before February 25, 2002, it will be constrained to dismiss the Complaint and this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 23 2002 docketed | |
| | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/22/2002 | |
| SN | courtroom deputy's initials | 02 JAN 22 PM 2:51 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOMMIE A. BIVENS #2001-00-53866, )
)
        Plaintiff, )
)
v. ) No. 02 C 391
)
JAMES P. HOUK, et al., )
)
        Defendants. )

DOCKETED
JAN 2 3 2002

MEMORANDUM OPINION AND ORDER

Tommie Bivens ("Bivens") has submitted a self-prepared Complaint against Oak Lawn Chief of Police James Houk and the Oak Lawn Police Department, using the printed form provided by this District Court's Clerk's Office for use by persons in custody who are complaining of asserted violations of their constitutional rights actionable under 42 U.S.C. §1983 ("Section 1983"). Bivens has accompanied his Complaint with the AO 240 form of Application To Proceed Without Prepayment of Fees ("Application") together with a printout from the Cook County Department of Corrections ("County Jail"), where Bivens is now in custody, covering all transactions in his inmate trust fund account at that institution--see 28 U.S.C. §1915 ("Section 1915"). This memorandum order will first address the Application, then will turn to a substantive problem posed by Bivens' Complaint.

This Court has reviewed the trust fund printout and has calculated the average monthly deposits reflected there for the six-month period preceding the filing of this lawsuit (see

Section 1915(b)(1)(A)). With that average figure coming to $109.12, the required initial partial filing fee of 20% of that amount (id.) comes to $21.82. Accordingly, Bivens is assessed an initial partial filing fee of $21.82, and the County Jail trust fund officer is ordered to collect that partial filing fee from Bivens' trust fund account there as soon as the account reaches or exceeds that amount, and then promptly to pay it to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at County Jail or any other correctional facility where Bivens is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Bivens' name and the 02 C 391 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

As for the Complaint itself, the Oak Lawn Police Department is not a legal entity and therefore cannot be sued as such under

2

Section 1983. And as to Chief Houk, nothing that Bivens has alleged implicates him personally in the conduct that Bivens characterizes as having deprived him of his personal property--instead Bivens simply says that the arresting officers and other personnel were "under the authority" of Houk. But Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978) teaches that Section 1983 liability cannot be based on such agency (respondeat superior) principles, as contrasted with a defendant's direct involvement in the asserted violation of constitutional rights.[1]

Those facts could justify dismissal of this action at its threshold. But this Court has no desire to saddle Bivens with the expense of the $150 filing fee to which he is already committed plus another like fee as and when he is able to identify a proper Section 1983 defendant. Accordingly this Court will defer final action on the matter until February 25, 2002. If no appropriate amendment to the Complaint has been filed in this Court's chambers on or before that date, it will be constrained to dismiss the Complaint and this action (a dismissal that will not of course excuse Bivens' payment of the entire $150

---

[1] No view is expressed here as to the sufficiency of Bivens' claim. That subject remains for the future if, as and when a proper Section 1983 defendant has been identified and named.

3

filing fee in installments, as provided earlier).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2002