# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 391 | **DATE** | 2/28/2002 |
| **CASE TITLE** | Tommie A. Bivens#2001-00-53866 vs. Village of Oak Lawn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. At this point attorney McPheron is expected to take over, including his making appropriate arrangements for the service of process by the United States Marshal's Service (see Fed. R. Civ. P. ("Rule") 4(c)(2)).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 01 2002 date docketed | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/1/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 MAR -1 AM 7:56 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOMMIE A. BIVENS #2001-00-53866, )
)
            Plaintiff, )
)
v. ) No. 02 C 391
)
VILLAGE OF OAK LAWN, et al., )
)
            Defendants. )

MEMORANDUM ORDER

In response to this Court's January 22, 2002 memorandum opinion and order ("Opinion"), Tommie Bivens ("Bivens") has timely submitted a self-prepared Amended Complaint[1] in which he now names the Village of Oak Lawn ("Oak Lawn") and two unidentified Oak Lawn police officers ("John Doe 1" and "John Doe 2") as defendants. This memorandum order deals with the posture of the case as affected by Bivens' filing of the Amended Complaint.

To begin with, any arguable 42 U.S.C. §1983 ("Section 1983") claims by Bivens would not be viable against Oak Lawn itself

---

[1] This Court has already obtained the name of this member of the trial bar to represent Bivens pro bono publico:

    Ronald L. McPheron, Esq.
    McPheron Law Firm
    70 West Madison Street, 14th Floor
    Chicago IL 60602

At this point attorney McPheron is expected to take over, including his making appropriate arrangements for the service of process by the United States Marshal's Service (see Fed. R. Civ. P. ("Rule") 4(c)(2)).

under the allegations of the Amended Complaint. Nothing that he has alleged indicates any direct involvement on its part that would avoid the impact of Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) in precluding municipal liability under Section 1983.[2]

But Oak Lawn will nonetheless be retained in the case at this point for two reasons that are consistent with the generous reading called for by the combination of Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam). Here they are:

1. Bivens may, consistently with his allegations, couple his suit against the officers with a comparable state law claim (one that may be predicated on respondeat superior principles) against Oak Lawn itself--see 28 U.S.C. §1367(a).[3]

2. Even if such a direct claim against Oak Lawn were to prove nonviable, it will be required to stay in the case

---

[2] Just as this Court stated in Opinion 3 n.1, it continues to express no view as to the sufficiency of Bivens' claim against the Oak Lawn officers.

[3] In terms of timeliness, the incident on which Bivens sues allegedly took place on January 26, 2001 or at some point thereafter. Although the Amended Complaint was received in the Clerk's Office on February 5, 2002, the original Complaint had been received on January 16, 2002. If it were to turn out that a one-year statute of limitations is potentially applicable to any claim against Oak Lawn, the relation-back provisions of Fed. R. Civ. P. 15(c) would have to be considered.

2

at least long enough to provide any discovery needed to enable Bivens' counsel to obtain the identification of the two presently unnamed Oak Lawn officers.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date:   February 28, 2002